The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>KENNY RAY EASLEY,<br><br>            Defendant. | NO. 2:12-cr-00270-RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Kenny Ray Easley's Motion to Reduce Sentence for Compassionate Release. Dkt. 38. Having thoroughly considered the parties' briefing, and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

**I. BACKGROUND**

Mr. Easley is an inmate currently detained at Federal Correctional Institution Edgefield, located in South Carolina. He currently has a projected release date of November 7, 2029. On September 18, 2012, Mr. Easley entered pleas of guilty to one count of Felon in Possession of a Firearm – Armed Career Criminal, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c); and Possession with Intent to Distribute Methamphetamine, in violation

of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A). Dkt. 11. On December 6, 2013, this Court sentenced Mr. Easley to a total term of imprisonment of 240 months, to be followed by five years of supervised release. Dkt. 35. He is now seeking to be released immediately from custody based on two grounds, that he needs to provide medical care for his wife, and that his rehabilitation while in custody has been extraordinary. Dkt. 38.

## II. DISCUSSION

### A. Legal Standard for Release or Reduction in Sentence Under § 3582(c)(1).

District courts generally lack authority to modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 819 (2010). Section 3582(c)(1)(A) provides an exception to that rule and permits this Court to reduce a sentence if the defendant can show four things:

First, that he exhausted administrative remedies by requesting relief from his warden. The administrative-exhaustion requirement "is mandatory and must be enforced when properly raised by the government." *United States* v. *Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

Second, that "extraordinary and compelling reasons warrant such a reduction," or that he is at least 70 years old and has served at least 30 years in prison.

Third, "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," including that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Fourth, that "the factors set forth in section 3553(a) to the extent that they are applicable" weigh in favor of his release.

The defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022). The defendant's failure to establish any "extraordinary and compelling" reason allows the court to deny the motion without assessing the § 3553(a) factors; so too, a district court may deny a

motion if it concludes that release is unwarranted under the § 3553(a) factors without considering whether the defendant has established extraordinary or compelling circumstances under the statute. *Keller*, 2 F.4th at 1284.

After Section 3582(c)(1)(A) was amended in the First Step Act of 2018 to allow defendants to file motions to reduce their own sentences, the Ninth Circuit held that the Sentencing Commission's then-current policy statement USSG § 1B1.13 was not an "applicable policy statement" to motions filed by defendants. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). In April 2023, the Commission adopted proposed amendments to USSG § 1B1.13 that take account of the amendment to section 3582(c)(1)(A) that allows defendant-filed motions. Those amendments took effect on November 1, 2023, *see* 28 U.S.C. § 994(p), and now bind courts considering defendant-filed motions for a reduction in sentence under section 3582(c)(1)(A). *United States* v. *Eccles*, No. CR14-5290 BHS, 2024 WL 83493, at *3 (W.D. Wash. Jan. 8, 2024) (quoting *United States* v. *Brown*, No. CR16-0259JLR, 2023 WL 8650290, at *2 (W.D. Wash. Dec. 14, 2023) ("Because the current policy statement post-dates the First Step Act, *Aruda* no longer controls—the policy statement does.")).

As amended, the Sentencing Commission's policy statement provides that "extraordinary and compelling" reasons for a reduction in sentence exist under the following circumstances:

> (3) Family Circumstances of the Defendant.–
>> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13(b)(3)(B).

B.  **Exhaustion of Administrative Remedies.**

Prior to considering the merits of Mr. Easley's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

While Mr. Easley's motion states that "Defendant has submitted a formal request for compassionate release to the Warden of FCI Edgefield as required by law," there is no evidence in the record of this request. Although Mr. Easley has not presented compelling evidence he has exhausted his administrative remedies, the Court nevertheless turns to the merits of his motion.

C.  **Extraordinary and Compelling Circumstances.**

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Easley's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i). To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Easley bears the burden to show "extraordinary and compelling reasons" for compassionate release to be granted.

Mr. Easley argues that he should be immediately released from custody based on two grounds: First, that he is needed to provide medical care for his wife; and second, that his rehabilitation efforts while in custody have been extraordinary. Dkt. 38.

The government opposes Mr. Easley's motion, arguing that he has failed to meet the legal standards to justify release in order to care for his wife and that his efforts at rehabilitation, while commendable, do not constitute an "extraordinary and compelling reason" for the Court to reduce his sentence and grant immediate release. Dkt. 40.

Mr. Easley bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F. 4th 938, 951 (9th Cir. 2022). Mr. Easley's motion is partially predicated on his contention that his wife is currently incapacitated within the meaning of the policy statement. To support such a claim, he bears the burden of demonstrating that his spouse is completely disabled, incapable of independent

movement, or suffering from similarly severe limitations. *See United States v. McKinney,* No. CR18-096-RSM, 2020 WL 6076898, at *4-5 (W.D. Wash. 2020).

The defendant has submitted a variety of exhibits to demonstrate his wife's condition. It is undisputed that she suffered a significant injury from a motorcycle accident. However, the evidence does not support a finding that she is "completely disabled, cannot carry on any self-care," or "totally confined to a bed or wheelchair" when considering the Bureau of Prison's program guide regarding the definition of incapacitation.

Mr. Easley has provided several letters in support of his release. These letters focus primarily on Mr. Easley and only brief descriptions of Ms. Easley's medical condition. The letters uniformly describe her as having suffered from a "horrible accident" where she needs help every day, yet none of them describe her to any degree as being incapacitated or unable to carry on any self-care. Noticeably absent are any current medical records describing her current medical condition or representation of her being incapacitated. The medical records provided indicate an admit date of July 21, 2023 and discharge date of August 1, 2023, nearly two years prior to the date of this order. What is missing is any indication of her current medical condition or level of recovery. The Court will not assume that she currently suffers from the same degree of physical incapacity as she did on the date of her discharge. This paucity of evidence fails to meet the high bar of expectation to warrant a determination of incapacitation.

Also absent from his motion is a demonstration that Mr. Easley is his wife's only available caregiver. As noted by the government, Mr. Easley's motion and exhibits make clear that their 18-year-old daughter lives with or nearby Ms. Easley and is available to assist her. More specifically, their 15-year-old daughter lives with Ms. Easley and provides her with some care. Dkt. 40, at 7. Mr. Easley's wife's current medical condition and needs are unknown, and while she may in fact be physically hampered, Mr. Easley has failed to meet his burden of proof in demonstrating her condition warrants an extraordinary and compelling circumstance to justify a reduction in his sentence.

The Court does not turn a blind eye to Mr. Easley's rehabilitation efforts as demonstrated by the numerous exhibits attached to his petition. His participation in these programs is laudable and he is encouraged to continue in his path of growth, but rehabilitation alone does not constitute an extraordinary and compelling reason to reduce Mr. Easley's sentence.

**D.  Safety of Others and Other 18 U.S.C. § 3553(a) Sentencing Factors**

The Court next turns to whether Mr. Easley presents a danger to the safety of any other person or to the community. As noted above, while not bound by U.S.S.G. §1B1.13, this Court exercises its discretion and will consider the 18 U.S.C. § 3553(a) factors in assessing whether a reduction in sentence is appropriate.

In making this determination, the Court looks to the nature and circumstances of the underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. 18 U.S.C. § 3142(g). The Court may not reduce a defendant's sentence unless it finds that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

The government opposes Mr. Easley's immediate release and argues that a reweighing of the § 3553(a) factors, particularly the nature, circumstances, and seriousness of his offense, does not provide a basis for the Court to reduce the sentence originally imposed. The government highlights the serious nature of Mr. Easley's instant offense, his criminal history, and the unusual nature of this case. Dkt. 40.

In determining whether to grant Mr. Easley's compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court considers the relevant factors other than noted above as set forth under 18 U.S.C. § 3553(a). These factors include the need for the sentence imposed, the kinds of sentences available, promoting respect for the law, providing just punishment for the offense, and avoiding unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(2)(B, C, D); 18 U.S.C. § 3582(c)(1)(A).

The Court finds the government's analysis on this issue to be compelling and persuasive. The analysis provided by the government in its opposition to Mr. Easley's motion is adopted in whole by this Court. Dkt. 40, at p. 9. The Court will not restate what has already been articulated by the government, but it serves as the additional reason to deny Mr. Easley's motion for a reduction in his sentence.

### III.  CONCLUSION

For the foregoing reasons, Defendant Kenny Ray Easley's motion for compassionate release is **DENIED**.

DATED this 31st day of July, 2025.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER - 7